**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**JANET A. JOHNSON and**
**CHRISTOPHER JOHNSON,**
**wife and husband,**

**Plaintiffs,**

**v.** **CIVIL ACTION NO.** 19-C-51

**AMEDISYS HOLDING, L.L.C.,**
**a foreign limited liability company; and**
**JEMIA M. GREGORY,**

**Defendants.**

**COMPLAINT**

For their complaint against the Defendants, Amedisys Holding, L.L.C. and Jemia M. Gregory, the Plaintiffs Janet A. Johnson and Christopher Johnson state as follows:

**I. The Parties, Venue and Jurisdiction**

1. The Plaintiffs are residents of the Commonwealth of Pennsylvania. They are a married couple.

2. The Defendant Amedisys Holding, L.L.C. (henceforth, "Amedisys") is a foreign limited liability company which is engaged in the business of providing in-home health care services, including, but not limited to, skilled nursing, physical therapy, and occupational therapy. It has a Care Center (i.e.office) in Morgantown, Monongalia County, West Virginia.

3. The Plaintiff Janet A. Johnson (henceforth at times "Ms. Johnson" or "Plaintiff") is a former employee of the Defendant Amedisys, having been hired on April 20, 2010. During her employment with Amedisys Ms. Johnson was the Director of Operations at Amedisys's Morgantown Care Center. She also provided services to Amedisys patients in her capacity as a Registered Nurse.

4. Ms. Johnson was wrongfully terminated from her employment at Amedisys' Morgantown, West Virginia location on November 13, 2018 in violation of the public policy of this State that public health insurers such as Medicare not be overcharged or subjected to fraudulent billing; and that patients not be exposed to unnecessary treatment.

5. Ms. Johnson was terminated by her immediate supervisor, the Defendant Jemia M. Gregory, who was Assistant Vice President of Operations for Amedisys' locations in various parts of West Virginia, including specifically the Morgantown, Monongalia County, West Virginia Care Center.

6. Upon information and belief, the Defendant Gregory is a West Virginia resident.

7. Venue and jurisdiction properly lie with this Honorable Court.

**II. Plaintiff's Wrongful Termination**

8. In January 2018, the Defendant Gregory became Assistant Vice President of Operations in the region which included the Morgantown office where Plaintiff was employed.

9. Almost immediately, Defendant Gregory started pressuring the Plaintiff to, in turn, pressure the therapists who worked out of the Morgantown Care Center ("Morgantown CC") to increase their level of interaction with Amedisys patients for the specific objective of increasing the Morgantown CC's profitability.

10. The Plaintiff conveyed this demand to the Morgantown CC's therapists, asking them whether there were additional therapies and more extensive care plans that could be implemented for legitimate reasons of patient care, as opposed to the primary purpose of increasing company revenue.

11. The therapists responded that they routinely provided therapy that complied with their patients' individual needs without consideration to revenues and profits. Typically, there was nothing they could do to legitimately expand the scope, cost and extent of therapy provided to their

patients that would be appropriate if considered solely from the perspective of their patient's needs — as opposed to expanding billable revenue for the benefit of Amedisys, to the potential detriment of their patients and Medicare.

12. The Plaintiff reported her discussions with the therapists to the Defendant Gregory, informing her that the therapists were already consistently providing necessary care to their patients and that expanding the scope of services to include more billable opportunities was not indicated, and was potentially detrimental to their patients and to Medicare. The Plaintiff told Ms. Gregory that she would not participate in such a scheme because it would be improper, illegal and unethical. The Plaintiff also stated that she would not jeopardize her nursing licensure.

13. The Defendant Gregory expressed her displeasure with the Plaintiff's refusal in numerous confrontations, and eventually issued a Corrective Action Form on August 20, 2018 criticizing the Plaintiff's performance in the following particulars:

- "Morgantown CC continues to been [sic] negative NIFO" (i.e. net income from operations);
- "DOO ("i.e. Plaintiff) has lacked sense of urgency regarding operations metrics and weekly negative NIFO calls;"
- "Demonstrates a lack of ownership for clinical review processes."

All three of those stated reasons for corrective action or separation are directly related to the Defendant Gregory's insistence that revenue from therapy activities should be maximized so as to generate additional income for the Morgantown CC, regardless of patient need.

14. The August 20, 2018 Corrective Action Form continued with a list of Performance Expectations for the Plaintiff which included:

- "Work with CM and be able to discuss the issues with the clinical review process as

evidence [sic] by the financials."

- "There will be operational and clinical improvements in outcomes/STAR rating, therapy utilization, CPV, and revenue per episode."

Those stated expectations are also directly related to the Defendant Gregory's insistence that revenues and proceeds from therapy activities should be maximized so as to generate additional income for the Morgantown CC, regardless of patient need.

15. The Plaintiff's written response to the August 2018 Corrective Action Form included the statement "I refuse to tell my staff to due [sic] more visits than they feel appropriate for the patient."

16. On November 13, 2018, the Plaintiff received yet another Corrective Action Form indicating that she was being terminated immediately for unsatisfactory performance which allegedly included:

- "Morgantown CC continues to be a negative NIFO."
- "DOO has lacked sense of urgency regarding operations metrics."
- "Demonstrates a lack of ownership for clinical review processes . . ."
- "DOO has shown a lack of accountability for clinician/office staff."

17. The Defendant Gregory's repeated efforts to pressure the Plaintiff to make the Morgantown CC expand the scope, frequency and duration of therapy to Amedisys' patients, and ultimately firing the Plaintiff because she refused to do so, were undertaken by the Defendant Gregory for the purpose of maximizing revenue for her employer; and maximizing incentive bonuses the Defendant Gregory knew she would get if the Morgantown CC became more profitable.

18. The Defendant Gregory's actions as described above at paragraphs 9-17 constitute health care fraud and a blatant disregard for the well-being of Amedisys patients. She retaliated against Janet A. Johnson and eventually terminated her employment with Amedisys because the Plaintiff refused

to engage in health care fraud; participate in the Defendants' scheme to waste Medicare resources; and, potentially harm patient well-being. Thus, a significant factor in Janet A. Johnson's termination from her employment with Amedisys was the Defendant Gregory's violation of West Virginia law.

19. The Defendant Amedisys is liable for all improper conduct of the Defendant Gregory as set forth herein pursuant to the principles of agency and the doctrine of *respondeat superior*.

**III. Harless Violation**

20. The law in West Virginia is that an employer is not permitted to terminate even an at will employee if the "employer's motivation for the discharge is to contravene some substantial public policy principle..." Syllabus Pt., *Harless v. First Nat. Bank in Fairmont*, 162 W. Va. 116, 246 S.E.2d 270 (1978).

21. At all times relevant to the Plaintiff's wrongful termination from employment, the substantial public policy in West Virginia prohibited health care fraud including wasting, and scheming to obtain, resources belonging to federal and state programs such as Medicare and Medicaid; and committing certain violations which potentially endanger patients.

22. Examples of the public policy which the Defendant Gregory violated are found in the Patient Safety Act of 2001, W. Va. Code § 16-39-1 *et seq.* (Henceforth "the Act") which provides that the quality of health care in this State will suffer if "waste" and "wrongdoing" affecting the quality of health care delivery is unchecked. W. Va. Code § 16-39-1. "Waste" is defined to mean "the conduct, act or omission by a health care entity that results in substantial abuse, misuse, destruction or loss of funds, resources or property belonging to a patient, a health care entity, or any federal or state program." W. Va. Code § 16-39-3(8). "Wrongdoing" is defined to mean "a violation of any law, rule, regulation or generally recognized professional or clinical standard that relates to care,

services or conditions and which potentially endangers one or more patients or workers or the public."

23. Additional examples of this State's substantial public policy which are relevant to this case may be found in W. Va. Code § 61-3-24. ***Obtaining money, property and services by false pretenses; disposing of property to defraud creditors; penalties***; and W. Va. Code § 61-3-24d. ***Fraudulent schemes; cumulation of amounts where common scheme exists; penalties.***

24. As a proximate result of the Plaintiff's termination from employment in violation of this State's substantial public policy as aforesaid, she has suffered, and will suffer in the future, injury and damages consisting of:

A. Lost wages and benefits, including front pay;

B. Annoyance and inconvenience;

C. Mental anguish;

D. Pain and suffering;

E. Humiliation and embarrassment;

F. Loss of enjoyment of life;

G. Other sundry and miscellaneous damages which will be developed in discovery prior to trial.

**<u>IV. Violation of the Patient Safety Act of 2001</u>**

25. The plaintiff Janet A. Johnson was terminated from her employment in violation of the Act. All provisions of the Act are incorporated herewith by reference.

26. At all times pertinent to this action:

- Amedisys was a "health care entity" as defined in the Act. (W. Va. Code § 16-39-3 (6);

- Janet A. Johnson was a "health care worker" as defined in the Act. (W. Va. Code § 16-39-3 (7);

27. The Act provides that

(a) No person may retaliate or discriminate in any manner against any health care worker because the worker, or any person acting on behalf of the worker:

(1) Makes a good faith report, or is about to report, verbally or in writing, to the health care entity or appropriate authority an instance of wrongdoing or waste.

(2) Advocated on behalf of a patient or patients with respect to the care, services or conditions of a health care entity.

28. Ms. Johnson's refusal to cooperate with the Defendant Gregory's scheme to defraud Medicare and expose Amedisys patients to unnecessary treatments as set forth above in paragraphs 9-17 constituted a) "a good faith report" about waste and wrongdoing as defined in the Act; and b) advocacy on behalf of Amedisys' patients with respect to the care and services of Amedisys. Ms. Johnson was retaliated against while employed by Amedisys, eventually culminating in her termination, for refusing to cooperate with the Defendant Gregory's scheme.

29. As a proximate result of the Defendants having retaliated against Ms. Johnson in violation of the Act, the Plaintiff Janet A. Johnson has suffered, and will suffer in the future, injury and damages consisting of:

A. Lost wages and benefits, including front pay;

B. Annoyance and inconvenience;

C. Mental anguish;

D. Pain and suffering;

E. Humiliation and embarrassment;

F. Loss of enjoyment of life

G. Other sundry and miscellaneous damages which will be developed in discovery prior to trial

## V. Declaratory Relief

30. The Plaintiff Janet A. Johnson claims additional relief pursuant to W. Va. Code §§ 55-13-1 *et seq.*, the "Uniform Declaratory Judgments Act."

31. On or about June 2, 2011, the Defendant Amedisys and the Plaintiff entered into a purported contract captioned "Confidentiality and Non-Recruitment Agreement" (henceforth, "Agreement").

32. The Agreement is void for lack of consideration. The only consideration specified in the Agreement is "in consideration of Company employing Employee." However, the Plaintiff had already been employed for nearly one year on the date the Agreement was signed.

33. Furthermore, the Agreement is:

A. Procedurally unconscionable because it is a contract of adhesion where the parties were in distinctly disparate bargaining postures and with Ms. Johnson being under the impression that if she declined to sign the agreement she would be at risk of losing her job; and

B. Substantively unconscionable because its terms are totally one-sided without any benefit whatsoever to the Plaintiff.

34. Consequently, the Plaintiff Janet A. Johnson asks this Honorable Court to determine the construction and validity of the Agreement and provide a declaration that it is void and of no force and effect.

**VI. Punitive Damages**

35. The Plaintiff's termination from employment in violation of the substantial public policy of this State was carried out by the Defendants with actual malice towards her; or a conscious, reckless and outrageous indifference to the health, safety and welfare of others so that an award of punitive damages is warranted.

**VII. Loss of Consortium**

36. As a proximate result of the wrongful termination of the Plaintiff Janet A. Johnson as set forth above, the Plaintiff Christopher Johnson has suffered the loss of services, society and companionship of his spouse.

WHEREFORE, the Plaintiffs Janet A. Johnson and Christopher Johnson demand judgment against the Defendants Amedisys Holdings L.L.C. and Jemia M. Gregory consisting of:

A. Compensatory and punitive damages in such sum above this Court's minimum jurisdictional limit as will provide a just and fair award;

B. Ms. Johnson's reinstatement, including full reinstatement of fringe benefits and seniority rights;

C. Their costs of litigation including attorney fees; prejudgment and postjudgment interest;

D. A declaration that the June 2011 Agreement is void and of no force and effect.

E. Court costs; and,

F. Such additional relief as is lawful and appropriate under the facts of this case and West Virginia law.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Jacques R. Williams (WV State Bar No. 4057)
Andrew G. Meek (WV State Bar No. 10649)
HAMSTEAD, WILLIAMS & SHOOK PLLC
315 High Street
Morgantown, WV 26505
(304) 296-3636
*Counsel for Plaintiffs*

# CIVIL CASE INFORMATION STATEMENT

In the Circuit Court of Monongalia County, West Virginia

I. CASE STYLE: Case #

**JANET ~~J~~ A. JOHNSON,** Christopher Johnson

**Plaintiff,**

**v.** **Civil Action No.:** 19-C-51

**Judge:** PDG

**AMEDISYS HOLDING, L.L.C.,**
**a foreign limited liability company; and**
**JEMIA GREGORY,**

**Defendants.**

| DEFENDANTS | DAYS TO ANSWER | TYPE OF SERVICE |
|---|---|---|
| **Secretary of State Please Forward to:**<br>Amedisys Holding, L.L.C.<br>c/o CT Corporation System<br>1627 Quarrier Street<br>Charleston, WV 25311-2124 | 30 | **Secretary of State as agent**<br>WVRCP 4(d)(7) and<br>31B-1-111 |
| Jemia Gregory<br>358 Ridgeway Drive<br>Bridgeport, WV 26330-1276 | 20 | **Personal Service**<br>Terango Investigations Inc. |

Original and 5 copies of the Complaint; 3 copies of CCIS; 2 copies of Plaintiff's First Set of Discovery to Defendant Amedisys Holding, L.L.C. and 1 copy of Cert. of Service; 2 copies of Plaintiffs' First Requests for Production of Documents to Defendant Jemia M. Gregory and 1 copy of Cert. of Service

| PLAINTIFF: JANET JOHNSON<br>DEFENDANT: AMEDISYS HOLDING, L.L.C., a foreign limited liability company; and JEMIA GREGORY | CASE NO: |
|---|---|

II. TYPE OF CASE:

| TORTS | OTHER CIVIL | |
|---|---|---|
| [ ] Asbestos | [ ] Adoption | [ ] Appeal from Magistrate Court |
| [ ] Professional Malpractice | [ ] Contract | [ ] Petition for Modification of Magistrate Sentence |
| [ ] Personal Injury | [ ] Real Property | [ ] Miscellaneous Civil |
| [ ] Product Liability | [ ] Mental Health | [ ] Other - |
| [X] Other Tort - Wrongful Termination from Employment | [ ] Appeal of Administrative Agency | |

III. JURY DEMAND [X] Yes [ ] No

CASE WILL BE READY FOR TRIAL BY *(MONTH/YEAR)*: January 2020 Term of Court

---

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? [ ] YES [X ] NO
IF YES, PLEASE SPECIFY:

[ ] Wheelchair accessible hearing room and other facilities
[ ] Interpreter or other auxiliary aid for the hearing impaired
[ ] Reader or other auxiliary aid for the visually impaired
[ ] Spokesperson or other auxiliary aid for the speech impaired
[ ] Other: ______________________

---

*Attorney Name:* Jacques R. Williams, ID 4057
Andrew G. Meek, ID 10649
*Firm:* HAMSTEAD, WILLIAMS & SHOOK PLLC
315 HIGH STREET
MORGANTOWN, WV 26505
304/296-3636

*Representing:*
*[X ] Plaintiffs [ ] Defendant*
*[ ] Cross-Complainant [ ] Cross-Defendant*

February 21, 2019
Date

Signature

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305




**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Jean Friend
Monongalia County Courthouse
75 HIGH STREET, SUITE 12
Morgantown, WV 26505-5427

**Control Number:** 235043

**Defendant:** AMEDISYS HOLDINGS, L.L.C.
1627 QUARRIER ST.
CHARLESTON, WV 25311-2124 US

**Agent:** C. T. Corporation System

**County:** Monongalia

**Civil Action:** 19-C-51

**Certified Number:** 92148901125134100002482456

**Service Date:** 2/25/2019

I am enclosing:

**1 summons and complaint, 1 other: (FIRST SET OF DISCOVERY)**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

Sincerely,

Mac Warner

Mac Warner
Secretary of State



# SUMMONS
## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**JANET A. JOHNSON and**
**CHRISTOPHER JOHNSON,**
**Wife and husband**

**Plaintiff(s),**

**Civil Action No.: 19-C-51**

**AMEDISYS HOLDING, L.L.C.,**
**A FOREIGN LIMITED LIABILITY COMPANY**
**C/O CT CORPORATION SYSTEM**
**1627 QUARRIER ST.**
**CHARLESTON, WV 25311;**

2019 FEB 25 P 3: 21

**AND**

**JEMIA GREGORY**
**358 RIDGEWAY DR.**
**BRIDGEPORT, WV 26330-1276**

**Defendant(s).**

**TO THE ABOVE NAMED DEFENDANTS:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Jacques R. Williams, Hamstead, Williams, & Shook PLLC,** Plaintiff's Attorney whose address is: **315 High St., Morgantown WV 26505** an answer, including any related counter-claim you may have to the complaint filed against you in the above style civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30 days** after service of this summons upon you, exclusive of the date of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

**Dated: February 21, 2019**

Jean Friend

**Jean Friend Clerk of the Circuit Court**

**By:** Susan Trowbridge
**Deputy Circuit Clerk**

For Return

| | |
|---|---|
| Civil Action Number | 19-C-51 |
| Package Identification Code | 92148901125134100002482456 |
| Signature Downloaded | 3/4/2019 6:17:29 AM |
| Defendant Name | AMEDISYS HOLDINGS, L.L.C. |




Date Produced: 03/04/2019

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0002 4824 56. Our records indicate that this item was delivered on 02/28/2019 at 10:39 a.m. in CHARLESTON, WV 25301. The scanned image of the recipient information is provided below.

Signature of Recipient : SANDRA HALSTEAD

Address of Recipient : 1233

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 248245

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**JANET A. JOHNSON and CHRISTOPHER JOHNSON, wife and husband,**

**Plaintiffs,**

**v.** **CIVIL ACTION NO. 19-C-51**

**AMEDISYS HOLDING, L.L.C., a foreign limited liability company; and JEMIA M. GREGORY,**

**Defendants.**

**AFFIDAVIT OF SERVICE**

I, Rickey Brown, of Terango Investigations, Inc., hereby certify that I served the foregoing:

Civil Action No. 19-C-51, upon

Jemia M. Gregory by

Serving in Person at

603 Kemberry Dr Bridgeport, WV on the

2 day of March, 2019. 12:10 p.m

And further the Affiant saith not.

Rickey Brown
Rickey Brown TII-6

STATE OF WEST VIRGINIA
COUNTY OF Harrison, TO-WIT:

The foregoing instrument was taken, subscribed, and sworn to or affirmed and acknowledged before me by Rickey Brown this 2 day of March, 2019.

[signature]
Notary Public

My Commission Expires: May 22, 2022

Official Seal
Notary Public, State Of West Virginia
James K Terango
107 Brannon Street
Stonewood WV 26301
My commission expires May 22, 2022

FILED
MAR 12 2019
JEAN FRIEND, CLER

Current Date
03/26/2019

Log Out

Print

Current Tim
09.13.26

Return

Docket | Hearings | Distribution

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Case Number: | 19-C-51 | Case Year: | 2019 | Date Opened: | 02/21/2019 | Time Opened: | 04:31 PM |
| Case Sub Code: | C | Status: | *OPEN | Judge Assigned: | PDG-PHILLIP D. GAUJOT | Date Closed: | |
| Receipt#: | 169631 | Rate: | 235.00 | Trial Date: | 01/01/0001 | Pay Type: | CHECK |
| Order Book: | 0 | Order Page: | 0 | | | | |

## Plaintiff Information

| | |
|---|---|
| Plaintiff | JANET A. JOHNSON |
| Attorney | JACQUES R. WILLIAMS |

### Plaintiff Address

| | |
|---|---|
| Name | JANET A. JOHNSON |
| Address | |
| Address 2 | |
| City/St/Zip | |
| DOB | 01/01/0001 |

### Plaintiff Attorney

| | |
|---|---|
| Name | JACQUES R. WILLIAMS |
| Address | 315 HIGH STREET |
| Address 2 | |
| City/St/Zip | MORGANTOWN,WV 26505-0000 |
| DOB | 01/01/0001 |

## Defendant Information

| | |
|---|---|
| Defendant | AMEDISYS HOLDING, LLC |
| Attorney | |

### Defendant Address

| | |
|---|---|
| Name | AMEDISYS HOLDING, LLC |
| Address | 1627 QUARRIER ST. |
| Address 2 | |
| City/St/Zip | CHARLESTON,WV 25311-0 |
| DOB | 01/01/0001 |

### Dependant Attorney

| | |
|---|---|
| Name | |
| Address | |
| Address 2 | |
| City/St/Zip | |
| DOB | |

Current Date
03/26/2019

Log Out

Print

Current Tim
09.14.02

Return

| | | | | | |
|---|---|---|---|---|---|
| Case Number: | 19-C-51 | Case Year: | 2019 | | |
| Date Opened: | 02/21/2019 | Case Sub Code: | C | Status: | *OPEN |
| Time Opened: | 04:31 PM | Judge Assigned: | PDG-PHILLIP D. GAUJOT | Date Closed: | |
| Receipt#: | 169631 | Rate: | 235.00 | Trial Date: | 01/01/0001 |
| Pay Type: | CHECK | Order Book: | 0 | Order Page: | 0 |

1

| PDF File | Note | Date | Earned | Collected |
|---|---|---|---|---|
| | Complaint Filed - Pl's first set of discovery | 02/21/2019 | 200.00 | 200.00 |
| | Additional clerk fees | 02/21/2019 | 35.00 | 35.00 |
| | Process Issued on Amedisys Holding LLC by SOS | 02/21/2019 | 20.00 | 0.00 |
| | Process issued on Gregory - Private Process Server | 02/21/2019 | 0.00 | 0.00 |
| | S/S accepted service on behalf of Amedisys Holdings LLC on 2/25/19 | 03/01/2019 | 0.00 | 0.00 |
| | Affidavit of Service: process executed in person on Jemia Gregory | 03/12/2019 | 53.00 | 0.00 |
| | on 3/2/19 - Brown | 03/12/2019 | 53.00 | 0.00 |